UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

DAVID BLOOMGARDEN,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE CO.,

        Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, ALLSTATE FIRE & CASUALTY INSURANCE CO. ("Allstate Fire" or "Defendant"), removes this case from the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, to the United States District Court for the Southern District of Florida, pursuant to: (i) 28 U.S.C. §§ 1441 and 1446; and (ii) the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and states as follows:

### I. BACKGROUND

1. Plaintiff, DAVID BLOOMGARDEN ("Bloomgarden" or "Plaintiff"), filed this civil action against Allstate Fire on or about July 26, 2018, in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, case no. CACE-18-017836 ("State Court Action" or "Complaint").[1]

2. Allstate Fire was served with a Summons and the Complaint on July 31, 2018. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

---

[1] Copies of the Complaint, Summons, and Civil Cover Sheet are attached as part of Composite Exhibit 1.

3. Plaintiff asserts the State Court Action on behalf of himself and two putative classes of allegedly similarly situated individuals named as insureds under Florida motor vehicle policies issued by Allstate Fire.

4. Plaintiff alleges he was insured under a Florida motor vehicle insurance policy issued by Allstate Fire. Plaintiff further alleges that he was involved in a motor vehicle accident on January 20, 2017. He made a claim with Allstate Fire arising from this accident, and Allstate Fire declared the vehicle a total loss under the governing insurance policy.

5. Plaintiff has filed suit against Allstate Fire and asserts one count for declaratory relief and one count of breach of contract. Plaintiff is seeking class certification with respect to the declaratory relief claim.

6. Plaintiff seeks certification of the following two proposed classes:

**Actual Cash Value (ACV) Class**
From five years before the filing of this complaint until the day the complaint was filed (the "Class Period"), all individuals named as insureds under Defendant's personal motor vehicle Policy substantially similar to Exhibit A and issued in Florida (1) who submitted a comprehensive and/or collision claim to Defendant on a vehicle covered under the Policy; (2) Defendant deemed the vehicle subject to the claim a total loss under the Policy; and (3) Defendant paid actual cash value to settle the claim, utilizing the total value stated in the CCC Valuation Report as the actual cash value to be paid.

**Takings Class**
From five years before the filing of this complaint until the day the complaint was filed (the "Class Period"), all individuals named as insureds under Defendant's personal motor vehicle Policy substantially similar to Exhibit A and issued in Florida (1) who submitted a comprehensive and/or collision claim to Defendant on a vehicle covered under the Policy; (3) [sic] Defendant settled the claim of the insured paying the insured what Defendant considered to be actual cash value for the vehicle; and (4) Defendant required the insured to arrange for transfer of ownership of the vehicle to Defendant, without Defendant's additionally compensating the insured the agreed or appraised value for the vehicle as salvage.[2]

---

[2] Complaint ¶ 83.

7. Plaintiff challenges the manner in which valuations of total losses are made, alleging that "Defendant has routinely and systematically misinterpreted the Policy and Florida law; and based on the misinterpretation, it has improperly reduced the actual cash value payments to Plaintiff and Class Members because it based them on an invalid method and algorithm for determining value of the insureds' vehicles."[3]

8. Specifically, Plaintiff alleges that Allstate Fire utilizes a total loss valuation database and attendant software platform developed and marketed by CCC Information Services, Inc. ("CCC"), which generates a CCC ONE® Market Valuation Report ("CCC Valuation Report"). Allstate Fire uses the CCC Valuation Report to determine the actual cash value of total loss vehicles.

9. Plaintiff alleges that Allstate Fire's use of CCC Valuation Reports is an improper method for determining the actual cash value of total loss vehicles.

10. Plaintiff contends that the "algorithms and assumptions generating the CCC Valuation Report constituted a [statistically] flawed method that did not validly determine actual cash value as required by the Policy and Florida law."[4] Plaintiff further contends that "the CCC method was not marketed and meant to provide an objective source to be utilized by the used motor vehicle industry . . ." and that Allstate Fire's "use of the CCC method including its database and CCC Valuation Report therefore violated Section 626.9743(5)(a)2.a., Florida Statutes.[5]

---

[3] Complaint at ¶ 3.
[4] Complaint at ¶38.
[5] Complaint at ¶¶ 53-54.

11. Plaintiff further alleges that CCC's flawed methodology generated improper and invalid reductions for vehicle condition and excess mileage.

12. With respect to the Takings Class, Plaintiff alleges that Allstate Fire's insurance policy required it to pay salvage value in addition to the actual cash value of total loss vehicles. Plaintiff asserts that Allstate Fire fails to compensate members of this proposed class for the salvage value in consideration of the transfer of ownership of their total loss vehicles.[6] Plaintiff concludes that "there is simply no provision in the Policy that permitted Defendant to require Plaintiff and Class Members to transfer ownership of their vehicles permanently to Defendant without compensation for the 'agreed or appraised value' of those vehicles as salvage in exchange for transferring them to Defendant."[7]

13. Plaintiff also asserts an individual breach of contract claim, seeking monetary damages in his individual capacity, alleging that the alleged undervaluation of and failure to pay salvage value (in addition to the actual cash value) of his total loss vehicle constituted a breach of his policy with Allstate Fire.[8]

14. Lastly, Plaintiff seeks the recovery of attorney's fees and costs pursuant to Section 627.428, Fla. Stat.

## II.   GROUNDS FOR REMOVAL

15. This case is removable, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, because (1) this is a

---

[6] Complaint at ¶¶ 61-66.
[7] Complaint at ¶ 66.
[8] Complaint at ¶ 109-116.

putative class action with more than 100 putative class members, (2) there is minimal diversity among the parties; and (3) the Complaint places into controversy an amount that exceeds $5,000,000 in the aggregate.

16. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. To that end, CAFA provides that class actions filed in state court are removable to federal court if they meet certain basic prerequisites. Specifically, CAFA expanded federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

17. This suit satisfies all of the requirements under CAFA for federal jurisdiction because (1) the putative class exceeds 100 members; (2) members of the proposed class have a different citizenship from Allstate Fire; and (3) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).

   A. *The Putative Classes Exceed 100 Members*

18. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here. While Plaintiff does not quantify the number of putative class members in the Complaint, a review of Allstate Fire's records indicates that there are in excess of

33,249 purported members of the putative ACV Class, as defined by Plaintiff, and there are in excess of 29,719 members of the putative Takings Class, as defined by Plaintiff.[9]

### B. There Is Minimal Diversity Among the Parties

19. The second CAFA requirement is minimal diversity, i.e., at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

20. Plaintiff alleges that he is a citizen of the State of Florida.[10]

21. Plaintiff seeks to represent a class consisting of individuals whose motor vehicles were insured under a policy of insurance issued in Florida.

22. Plaintiff states in the Complaint that Allstate Fire "is incorporated in, has a principal place of business in, and is a citizen of, a state other than Florida."[11]

23. Allstate Fire is an Illinois corporation with its principal place of business located in Northbrook, Illinois.[12]

24. Thus, there is minimal diversity, as the Plaintiff is a citizen of Florida, and Allstate Fire is (and was at the time of the filing of the Complaint and all times intervening) a citizen of Illinois. This prerequisite of CAFA is met. 28 U.S.C.§ 1332(d)(2).

---

[9] Ex. 2 – Declaration of Kevin Bolkema ("Bolkema Decl.") at ¶¶5-6.
[10] Complaint at ¶ 9.
[11] Complaint at ¶ 12.
[12] Ex. 2 – Bolkema Decl. at ¶3.

### C. The CAFA Amount in Controversy Is at Least $5,000,000

25. CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).[13]

26. As the United States Supreme Court has held, a defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

27. Based on Plaintiff's allegations and legal theories, the $5,000,000 CAFA amount in controversy requirement is satisfied.

28. The Eleventh Circuit's opinion in *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014), is instructive. In that case, the plaintiff alleged that the defendant-insurer violated a Florida Statute governing claims for no-fault personal injury protection insurance payments. The plaintiff sought to represent a class to pursue a declaratory judgment that the defendant-insurer had violated the Florida statute. The plaintiff sought no monetary relief.

29. While the district court found that a "pure declaratory judgment action" could not satisfy the amount in controversy and remanded the action, *Id.* at 1313, the Eleventh Circuit

---

[13] Allstate Fire denies that Plaintiff, or any potential putative class member, is entitled to recover any amount from it, and Allstate Fire believes that the relief sought in the State Court Action is too individualized and otherwise not proper for class certification. However, Allstate Fire provides the above calculation of the aggregate amount at issue in this case solely for the purpose of evaluating the amount in controversy under CAFA. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

disagreed. *Id.* at 1317. The Eleventh Circuit held that the amount in controversy was the amount the defendant-insurer allegedly should have paid if the plaintiff's interpretation of Florida law was correct. *Id.* Even if there were "contingencies standing between any class member and recovery" following a declaratory judgment, the Eleventh Circuit held that the amount in controversy nevertheless exceeded $5,000,000. *Id.* at 1316-17; *see also A&M Gerber Chiropractic LLC* v. *Geico Gen. Ins. Co,* 16-CV-62610-Bloom/Valle, 2017 WL 35519, at *2 (S.D. Fla. Jan. 3, 2017) (relying on *South Florida Wellness* and denying a motion to remand a declaratory judgment action filed against GEICO seeking a declaratory judgment that GEICO had underpaid certain insurance claims).

30. Based on the holding in *South Florida Wellness, Inc. v. Allstate Ins. Co*, the declaratory judgment Plaintiff seeks on behalf of the putative class places into controversy more than $5,000,000 in at least two ways (1) the aggregate value of all putative class members' total loss valuations resulting from Allstate Fire's alleged improper use of CCC; and (2) the value of salvage vehicles transferred to Allstate Fire by putative class members.

        a. <u>The Value of Allstate Fire's Alleged Improper Use of CCC</u>

31. Plaintiff alleges that Allstate Fire's use of CCC in determining the actual cash value of putative class members' total loss vehicles was a "flawed method" that resulted in "invalid reductions."[14]

32. Specifically, Plaintiff contends that the "algorithms and assumptions relied on in generating the total value stated on [each putative class member's] CCC Valuation Report were

---

[14] Complaint at ¶¶ 39-40.

statistically flawed and otherwise invalid."[15] Plaintiff also contends that Allstate Fire's use of CCC violates Florida Statute §626.9743(5)(a)2.a. because CCC is not a recognized used motor vehicle industry database. Plaintiff therefore seeks a declaration that Allstate Fire's use of a "flawed method" has violated the Policy and Florida law.[16]

33. During the period July 26, 2013 to July 26, 2018, Allstate Fire settled in excess of 33,249 total loss claims in Florida. Allstate Fire settled those claims, in part, based on a CCC Valuation Report. The aggregate valuation of all total loss claims settled by Allstate Fire during the period July 26, 2013 to July 26, 2018 was $356,478,376.[17]

### b. *The Value of Class-Wide Salvage Vehicles*

34. Plaintiff also seeks a declaration that Allstate Fire is required to make an additional payment for the agreed upon or appraised value of salvage vehicles transferred to Allstate Fire by members of the class Plaintiff seeks to represent.

35. For vehicles transferred to Allstate Fire by members of the Takings Class, Allstate Fire recovered at least $65,884,242 in sales proceeds since July 26, 2013, net of fees and other costs of sale.[18]

### c. *Attorneys' Fees*

36. Plaintiff is also seeking to recover his attorneys' fees pursuant to Section 627.428, Fla. Stat. *See* Complaint, ¶ 117. A "reasonable amount" of attorneys' fees authorized by statute

---

[15] Complaint at ¶ 37.
[16] Complaint at ¶ 41.
[17] Ex. 2 – Bolkema Decl. at ¶5.
[18] Ex. 2 – Bolkema Decl. at ¶7.

may be "included in the amount in controversy." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000) (citing *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1079 (11th Cir.2000)); *see also Traturyk v. Western-Southern Life Assurance Company,* No. 15- cv-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (holding "[a] district court may consider a plaintiff's claim for attorney's fees in determining the amount in controversy where a statute directly authorizes an award of attorney's fees should the plaintiff prevail on her claim."); *Bele v. 21st Century Centennial Ins. Co.,* No. 15-cv-526, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015).

37. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied.

38. Accordingly, because the CAFA prerequisites are met, this case is properly removable under CAFA.

39. It is also appropriate for this Court to exercise supplemental jurisdiction over Plaintiff's individual claims brought in Count II. 28 U.S.C.A. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

WHEREFORE, Allstate Fire and Casualty Insurance Company prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Respectfully submitted,

**COZEN O'CONNOR**

By: /s/  Alexandra J. Schultz, Esq.
    Alexandra J. Schultz, Esq.
    Florida Bar No.: 122100
    Email:  aschultz@cozen.com
    One North Clematis Street, Suite 510
    West Palm Beach, FL 33401
    Telephone:     561-515-5250
    Facsimile:      561-515-5230

    Peter J. Valeta
    Florida Bar No. 327557 *(USDC SDFL Admission Pending)*
    Email:  pvaleta@cozen.com
    123 N Upper Wacker Dr. Suite 1800
    Chicago, IL 60606
    Telephone: (312) 474-7895
    Facsimile: (312) 878-2022

    *Attorneys for Defendant, Allstate Fire & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of August, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

    /s/ Alexandra J. Schultz, Esq.
    Alexandra J. Schultz, Esq.

**SERVICE LIST**

*Attorneys for Plaintiff*
Edward H. Zebersky, Esq.
Zebersky Payne, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: 954-989-6333
Facsimile: 954-989-7781
Email: ezebersky@zpllp.com
Email: mfistos@zpllp.com
Email: ndiaz@zpllp.com