UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62059-CIV-GAYLES/SELTZER

DAVID BLOOMGARDEN,

   **Plaintiff,**

v.

ALLSTATE FIRE & CASUALTY
INSURANCE CO.,

   **Defendant.**
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Barry Seltzer's Report and Recommendation [ECF No. 45] on Defendant's Motion to Dismiss First Amended Complaint and Compel Appraisal ("Motion") [ECF No. 19]. The matter was referred to Judge Seltzer, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 41]. On March 15, 2019, Judge Seltzer issued a Report and Recommendation recommending that Counts I and II of the First Amended Complaint [ECF No. 15] be dismissed without prejudice, pending appraisal; and that Count III be dismissed with prejudice. [ECF No. 45]. Plaintiff filed his objections on March 29, 2019. [ECF No. 52]. The parties have also provided numerous supplemental authorities and responses thereto. *See* [ECF Nos. 54, 56, 68, 71, 74, 75, & 76].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed.

R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court, having conducted a *de novo* review of the record, agrees with Judge Seltzer's analysis and finding that, at bottom, Plaintiff disputes the amount of loss making these claims subject to appraisal. This case is unlike *Lopez v. Progressive Select Insurance Co.*, 18-61844-WPD (S.D. Fla. May 14, 2019), for two reasons. First, the parties in this case have conceded that waiver does not apply, an issue that was disputed in the *Lopez* case. *See* [ECF No. 45 at 5 n.1]; *Lopez*, 18-61844-WPD, [ECF No. 56 at *5]. Second, while the plaintiff in *Lopez* sought only declaratory relief, Plaintiff here has also asserted a breach of contract claim (Count II) specifically seeking monetary damages relating to the valuation of total loss vehicles.

Accordingly, this Court agrees with Judge Seltzer that Counts I and II must be dismissed without prejudice and proceed through appraisal. However, as to Count III, the Court finds that the more appropriate procedure is that the matter be dismissed without prejudice, as the Court will not resolve ambiguities in a contract at the motion to dismiss stage.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Seltzer's Report and Recommendation [ECF No. 45] is **AFFIRMED AND ADOPTED in part** and incorporated into this Order by reference;
(2) Petitioner's objections [ECF No. 52] are overruled;
(3) All pending motions are **DENIED** *as moot*; and
(4) This action shall be **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of August 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE